# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MONICA ISAAC GALAGARZA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:23-cv-449-RBD-RMN

## REPORT AND RECOMMENDATION

Plaintiff, Monica Isaac Galagarza, seeks review of a decision of the Commissioner of Social Security denying her application for disability insurance benefits under 42 U.S.C. § 405(g). Dkt. 1. After closely examining the record and considering the arguments raised by the parties, I respectfully recommend the Commissioner's final decision be affirmed.

### I. BACKGROUND

#### A. Agency Proceedings

Galagarza applied for disability benefits on December 30, 2020, alleging a disability onset date of June 3, 2020. R. 230.[1] The agency denied her claim initially and upon reconsideration. R. 107–109; 120–123. Galagarza

---

[1] Citations in this Report to "R. __" are to the administrative record found at docket entry 15. The citations refer to the Bates number annotated on the bottom of each page of the record.

then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 20, 2022. R. 51, 124. On October 24, 2022, the ALJ issued a written decision denying the application. R. 15–31. Galagarza sought review of that decision by the agency, but her request was denied. R. 1–3; 221–225. The ALJ's decision is therefore the Commissioner's final decision. R. 1.

### B. The ALJ's Decision

The ALJ evaluated Galagarza's application using the five-step sequential evaluation process. R. 15–31. The ALJ determine Galagarza had not engaged in substantial gainful activity since the alleged onset date of her disability and found that she had severe impairments, including bipolar disorder, depression, and anxiety disorder. R. 23. The ALJ then determined that Galagarza did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24–25.

At the next part of the evaluation process, the ALJ found that Galagarza has the residual functional capacity to perform a full range of work at all exertional levels but with certain non-exertional limitations. R. 25–30. These limitations include only occasional interaction with coworkers and the public and the inability to perform jobs with detailed instructions. R. 25. The ALJ also found that Galagarza can focus and concentrate on jobs

where the tasks are simple but may be off task for up to 10% of the workday. R. 25. Based on this determination, the ALJ concluded that Galagarza could not perform her past relevant work. R. 30.

At the last step, the ALJ considered Galagarza's age, education, work experience, and residual functional capacity, and the testimony of a vocational expert. R. 30–31. Because the ALJ determined that Galagarza could perform other work in the national economy—such as price marker, housekeeper, and small products assembler—the ALJ concluded that Galagarza was not disabled under the relevant sections of the Social Security Act through her last date of insured. R. 31.

## II.  STANDARD OF REVIEW

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

Courts reviewing a decision denying disability benefits may not "decide the facts anew, make credibility determinations, or re-weigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (cleaned up). Rather, courts must affirm the decision if the denial is supported by substantial

evidence, even if the preponderance of the evidence weighs against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015). Courts review the Commissioner's legal conclusions *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.  ANALYSIS

The issue Galagarza raises on appeal is whether the ALJ applied the correct legal standards when evaluating the opinion of Galagarza's treating physician, Dr. Juan A. Balaguer.

Galagarza argues that the ALJ ignored the requirements of the agency's regulations because the ALJ did not adequately explain what particular evidence undermined Dr. Balaguer's opinion and why. Dkt. 18 at 8–11. The Commissioner disagrees, arguing that substantial evidence supports the ALJ's evaluation of Dr. Balaguer's opinion under the applicable regulations and that the ALJ adequately discussed the reasons why Dr. Balaguer's decision was unpersuasive. Dkt. 19 at 5–12.

The applicable agency regulations require ALJs to focus on the persuasiveness of a medical opinion in view of five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 404.1520c(c)(1)–(5); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897–98 (11th Cir. 2022). Because supportability and consistency are the

most important factors, the regulations require the ALJ to explain how she considered these factors for each medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). But she does not have to explain how any other factor was considered. *Id*.

Under the regulations, "supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical findings(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ considered Dr. Balaguer's opinion, explaining that she:

> finds [his] opinion unpersuasive since it is dated one month after the alleged onset date and it is not consistent with or supported by the objective evidence, including Dr. Balaguer's own progress notes for that period indicating unremarkable mental status examinations, except for the presence of anxiety and mild attention limitations.

R. 29 (citations to the record omitted).

The above quote from the ALJ's decision lends itself to the required analysis of the supportability factor. The ALJ gives direct pin citations to the record, stating that Dr. Balauger's opinion is not supported by his own progress notes that show "unremarkable mental status examinations." R. 29. And indeed, the progress notes cited denote that the "Patient is not impaired for work," and that she "is able to care for self and perform actions of daily living." R. 599. The cited progress notes also indicate that Plaintiff appeared for a medical examination with "cooperative behavior," had a thought process that was "organized, logical, linear and goal-oriented," presented with "[n]o abnormal or psychotic thoughts, no hallucinations or delusions," and was "[a]lert and oriented to person, place, time, and situation." R. 602, 605, 608, 610–11. The ALJ therefore rested her conclusion about the *supportability* of Dr. Balauger's opinion on information found in his own progress notes.

As for the consistency factor, ALJ noted that "[r]eview of the record also indicate[s] that the claimant's attention improves when she is compliant with her psychotropic medication." R. 29. And in her decision the ALJ cites to specific parts of the record, including evidence from other medical sources. *See* R. 29 (citing, among others, records from University Behavioral Center, R. 914–35). Thus, as required by the *consistency* factor, the ALJ analyzed

evidence from other medical sources when considering the persuasiveness of Dr. Balauger's medical opinion.[2]

Plaintiff's argument focuses on the alleged lack of a "required logical bridge explaining what *particular evidence* undermined all or part of Dr. Balaguer's opinion in such a manner that the opinion was unsupported by his own treatment records and was inconsistent with the other evidence of record." Dkt. 18 at 9. Plaintiff seemingly questions the unadorned record citations found in the decision and appears to ask the Court to layer a particularity requirement on top of the regulations' articulation requirement. *See* R. 29.

As other members of this Court have applied them, the Commissioner's regulations do not impose a heavy burden when they require the ALJ to articulate her consideration of the persuasiveness of a medical source's opinions. *See, e.g.*, *Baker v. Comm'r of Soc. Sec.*, No. 6:22-cv-1179, 2023 WL 4946510, at *4 (M.D. Fla. Aug. 3, 2023) (finding that the ALJ adequately articulated *how* she considered the supportability and consistency factors); *Moberg v. Comm'r of Soc. Sec.*, No. 6:19-cv-891, 2020 WL 4936981, at *4 (M.D. Fla. Aug. 24, 2020) (finding that the ALJ's consideration of medical

---

[2] The ALJ also cites to records from Dr. Balaguer's practice to support this statement. *See* R. 29 (citing to records from Florida Behavioral Health, including R. 732, 859, 780). The statement therefore serves as part of the ALJ's consideration of the supportability factor in addition to her consideration of the consistency factor.

opinions "comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and consistency of each medical opinion and determined whether such opinion was supported by the weight of the record evidence"). I agree. The articulation requirements in the Commissioner's regulations do not require an ALJ to connect every part of the record to her findings and explanations. They instead require only a single, consolidated consideration of medical opinions by source, and an explanation of the supportability and consistency of those opinions. 20 C.F.R. § 404.1520c(b)(1)-(2). Only if some medical opinions or administrative findings are equally well-supported and consistent do the regulations require more. *See id.* § 404.1520c(b)(3).

Like section 555(e) of the Administrative Procedure Act ("APA"), the regulations' articulation requirements impose only a modest burden. *See, e.g.*, *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1134 (10th Cir. 2009) (under the APA, a "terse" denial is "sufficient for review" where the denial provides the "grounds of decision and the essential facts upon which the decision was based"); *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997) (under the APA, an agency decision "need not be a model of analytic precision" but must "minimally contain a rational connection between the facts found and the choice made" (quoting *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995)); *Est. of L.D. French. v. FERC*, 603 F.2d 1158, 1162 (5th Cir. 1979)

(finding that section 555(e) of the APA was satisfied by an agency denial only two sentences in length). In most circumstances, so long as the decision indicates that the ALJ considered the supportability and consistency factors when evaluating the persuasiveness of a medical source's opinions and provides some indication of the evidence considered, the ALJ has satisfied the burden imposed by 20 C.F.R. § 404.1520c.

As required by the regulations, the ALJ articulated *how* she considered the factors of supportability and consistency in discussing the persuasiveness of Dr. Balauger's opinion. And she provided direct citations to the medical evidence in the record. This satisfies the regulations' articulation requirements. *See, e.g.*, *Moberg*, 2020 WL 4936981, at *4. Like the plaintiff in *Baker*, Plaintiff here seems to be really suggesting that the Court reweigh the evidence with regard to the ALJ's consideration of the persuasiveness of Dr. Balauger's medical opinions, "which is not within the province of this Court." 2023 WL 4946510, at *4.

Because the ALJ properly applied the applicable legal standards and her decision is supported by substantial evidence, the undersigned respectfully recommends that the Commissioner's final decision be affirmed.

## IV.   CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. The Commissioner's final decision be **AFFIRMED**; and

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Defendant and close the file.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on November 28, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 11 -

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record